GODDING *versus* BRACKETT *&* al.

A purchase of personal property, made by a debtor with his own money and for his own benefit, exposes the property to his creditors, although the bill of sale may have been made to a third person, for whom he pretended to purchase, and although the vendor may have supposed that he was selling to such third person.

ON REPORT from *Nisi Prius*, WELLS, J. presiding.

TROVER for a building, sold as the property of one Hancock, by Brackett, a deputy sheriff, one of the defendants, upon an execution in favor of Pride, the other defendant.

It appeared that one Gross had taken a lease of a lot of land for ten years and erected the building upon it. The plaintiff, to prove his ownership, read an assignment of the

lease and a bill of sale of the building, from Gross to himself. He also introduced Gross, as a witness, who testified *that*, in the assignment and sale, he had no conversation with the plaintiff, but negotiated wholly with Hancock, who represented that, in the purchasing and in paying for the building, he acted as the agent of the plaintiff, and *that* he, the witness, supposed he was selling to the plaintiff.

The defence was, that it was with Hancock's own money and for his own benefit, that he made the purchase; and that he used the name of the plaintiff, as purchaser, merely to conceal from his creditors his ownership of the property. Upon this point there was much testimony.

The Judge instructed the jury, that they were at liberty to determine, from the evidence, whether Hancock purchased for himself or as agent for the plaintiff, and that if the money paid by Hancock was his own money, and he made the purchase for himself, but caused the bill of sale to be made to the plaintiff, with the design to protect the property from his creditors, they might consider the property to be his, notwithstanding the bill of sale was made from Gross to the plaintiff, and although Gross had no knowledge of such design, but supposed he was selling to the plaintiff.

If there was error in the instruction, the verdict, which was for the defendants, is to be set aside.

*Fessenden & Deblois*, for the plaintiff.

The lease was assigned and the bill of sale made to the plaintiff. To him and to no one else did Gross intend or consent to convey. Can any one become a purchaser, without the consent of the seller? It takes the concurrence of two minds to make such a contract.

But the defendants justify under the precept against Hancock, and assert fraud in the sale. There was, however, no fraud in the *vendor*. This differs essentially from the common cases of sales, fraudulent as against creditors. In such cases, the judgment debtor once owned the property. But Hancock never owned this building. Sales are held to be fraudulent, only when both parties to it concur in the fraud.

The sale from Gross to plaintiff was unimpeachable, for Gross owed no debts, and there is no pretence that the plaintiff ever conveyed to Hancock. On what principle, then, *could* the jury be authorized to find the property in Hancock? *Hilgeim* v. *Deane,* 10 S. & M. 556; *Reed* v. *Woodman,* 4 Maine, 400; *Howe & al.* v. *Bishop,* 3 Met. 26; *Goodwin* v. *Hubbard,* 15 Mass. 210.

*Sweat,* for the defendants.

HOWARD, J., orally. — The bill of sale was not essential to the transfer of the property, and it may be controlled by testimony. The instruction permitted the jury to find, and they must have found, that Hancock paid his own money, and purchased the property for himself. By such finding, it results that the plaintiff was not the purchaser in good faith, and that Hancock, though not the *nominal,* was the *real* purchaser.

*Judgment on the verdict.*