### DAVIS *versus* TIBBETTS.

A conveyance of land for a valuable consideration, made by the grantor with the intent to defraud his creditors, but without that knowledge on the part of the grantee, is an effectual transfer of the legal title.

And although *such grantee* conveys the land to a third person, and the consideration is paid in fact by the original *fraudulent grantor*, the *legal title* is in the grantee of the deed.

A levy upon land thus situated, as the property of the original *fraudulent grantor*, by his creditor, gives to him no legal title or right of possession.

And for any acts of ownership upon such land under such levy, the creditor is liable in an action of trespass to the owner of the legal title.

ON REPORT from *Nisi Prius*, RICE, J., presiding.

TRESPASS *quare clausum.*

The acts of trespass were proved and the plaintiff's title by deeds introduced, and the presiding Judge intimating that the facts proposed to be proved in defence would not constitute one, the cause was agreed to be reported for the full Court, and if they were of opinion that the facts offered to be proved would constitute a legal defence, the action was to stand for trial, but if not, a default was to be entered and judgment for $3,00, damages with costs.

The facts offered to be proved, and the title of the parties, appear in the opinion of the Court, which was drawn up by

RICE, J. — Trespass *quare clausum.* Both parties claim title to the *locus in quo,* from Asa Merrill. The plaintiff derives his title by deed from Asa Merrill to Thos. Hodg-

kins, dated March 6, 1846; deed Thos. Hodgkins to Alvin Merrill, June 6, 1849; deed Alvin Merrill to himself, dated April 15, 1850.

The defendant derives his title by a levy of an execution, Josiah F. Longley against Asa Merrill, upon the land as the estate of the said Asa, Dec. 15, 1851, and a deed from said Longley to himself, dated July 15, 1854.

The deposition of Thomas Hodgkins, introduced by the defendant, shows, that the deed from Asa Merrill to him was for a valuable consideration, and so far as the witness was concerned, made in good faith. The defendant offered to prove, that so far as Merrill was concerned, the conveyance to Hodgkins was made for the purpose of defrauding his (Merrill's) creditors, and that the conveyances made by Hodgkins to Alvin, and from Alvin to the plaintiff, were all made at the instance and request of said Asa, and the considerations paid therefor were paid by the said Asa. But neither the testimony introduced, nor that offered, showed that Hodgkins had any knowledge of the fraudulent purposes of said Asa. The levy of Longley was made when the legal title to the land was in Alvin Merrill. From the time Asa conveyed to Hodgkins, to the time of trial, he has had no legal title to the estate.

Whatever effect that levy may have had upon the supposed equitable interest of Asa, it did not reach the *legal title* to the land. The right of possession follows the legal title. The defendant shows neither possession nor legal title. If he has any remedy against Asa Merrill it must be in equity. A default must be entered, and judgment as per agreement.

*Morrill & Fessenden,* for defendant.

*Moody,* for plaintiff.