### Christian H. Buhl and another v. John H. Kenyon.

Chattel interests in lands are to be sold on execution as personal estate.

A sale on execution of an estate for years in lands, made in accordance with the statutory provisions for the sale of real estate, is void.

*Heard May 1st and 2d. Decided May 12th.*

Error to Wayne Circuit. The facts appear by the opinion.

*Walker & Kent* for plaintiff in error:

At common law a term for years, though called a chattel real, was not sold on execution in the same way as personal property: — 2 *Shower*, 85; 3 *T. R.* 292; 14 *Penn.* 99. Our statutes include terms for years under the words real estate. *Comp. L.* §§ 2, 2585, 3119. The words personal property and personal estate, as used in the

Compiled Laws, do not include terms for years : — §§ 784 ; 5956 ; 2925 ; 2828.

*Wells & Hunt,* and *E. Hall,* for defendant in error :

A leasehold interest should be sold on execution as a chattel. The term *real estate* does not include chattels real: 17 *Wend.* 674 ; 5 *Mass.* 419 ; 15 *Mass.* 445 ; 1 *Md. Ch.* 36 ; 1 *N. H.* 350 ; 3 *Ohio,* 447, 460 ; 7 *S. & M.* 479. In the statute as to sales on execution the term *real estate* is used in distinction from personal property—chattels real and personal being ranked with the latter. See §§ 4462, 4463, 4471. The defining clause, § 2, is merely thrown in to aid interpretation when other means fail, and not to change the meaning of established terms, or to reverse the rules of procedure in the sale of real or personal property. Any other construction would reverse the whole law of property as between heirs and executors, the fund from which to pay the debts of an estate, sales by executors, &c., the distribution of estates, and the rights of children and widows. See §§ 2902, 3039, 3047, 3048, 3053, 3085, 3076, 3098, 2812, 2877. To sell a term as real estate is in many cases entirely impracticable.

CAMPBELL J. :

The plaintiffs in error brought ejectment in the Court below as execution purchasers of the interest of one of two tenants for years of certain premises in Detroit, which were sold as real estate.

The first question presented is whether such an interest is real estate within the meaning of the statutes relating to the levy and sale of lands on execution. The statute provides that, where not inconsistent with the manifest intent of the Legislature, the word "land" or "lands," and the words "real estate shall be construed to include lands, tenements and real estate, and all rights thereto, and interests therein." 1 *Comp. L.* § 2.

BUHL v. KENYON.

By section 3119 of the Compiled Laws provision is made for selling "all the real estate of a debtor, whether in possession, reversion, or remainder, including lands fraudulently conveyed with intent to defeat, delay or defraud his creditors, and the equities and rights of redemption hereinafter mentioned." By section 4463, in the general chapter on judgments and executions, it is declared that "All chattels, real or personal, and all other goods liable to execution by the common law, may be taken and sold thereon," except as is otherwise provided by law.

As a leasehold interest of this kind is a chattel interest, and as it is in this last section classed among personal property, if it should be held included in the class of real estate also, some confusion must necessarily arise. But as we have heretofore held in *Trask v. Green*, 9 *Mich.* 358, and *Maynard v. Hoskins*, 9 *Mich.* 485, the statute definition of real estate does not apply in its full breadth to execution sales, because incompatible, when thus applied, with the general intent as well as the special clauses of the statutes governing these. We think the case of a chattel interest is not within the law applicable to the sale of lands on execution. Such interests have always been sold as personalty on common law executions, and it would require plain language to deduce an intent to make them disposable otherwise. But apart from the fact that they were so liable when lands were not, the statutory provisions governing real estate sales are not compatible with the idea that these can be included within them. There are multitudes of leases for short periods where a sale would be entirely nullified by a fifteen months period for redemption. The whole machinery for land sales is devised with a view to reach freehold estates. The lands are sold in parcels, the papers are filed in the office of the Register of Deeds, successive sales may be had of the rights to redeem, and various other incidents—all inconsistent with any such interest as is here in question — show that the

property sold as real estate is an estate of a more permanent character, and involving a different kind of ownership.

It is claimed, however, that a sale which will pass realty must be good to pass personalty. So far as the documentary evidences of sale are concerned, this is true. But a sale on execution is designed to produce the best price which can be obtained; and a sale on condition that no title shall vest for fifteen months would, under ordinary circumstances, render a lease nearly valueless, besides involving the danger of forfeiture. No bidder would give for the shortened term the value of the full term.

We therefore are of opinion that no title passed to the plaintiffs by their execution sale. As this disposes of the whole controversy we make no reference to the other points involved.

The judgment below is affirmed, with costs.

The other Justices concurred.