## Leonard Grover v. William D. Fox and William C. Richfield. ·

*Bill to quiet title: Possession: Title: Res adjudicata: Contract for conveyance: Attachments.* A person having conveyed his farm to his wife, the two joined in a mortgage thereof for six thousand dollars running for five years; the wife thereupon gave back to her husband a contract to

GROVER *v.* FOX.

reconvey to him on his paying the mortgage in five years, and also giving him the right to hold possession during the five years; attachments against the husband were levied upon the farm as real estate; the attachment debtor made assignments of his contract, and quit-claimed the farm to his wife; bankruptcy proceedings were instituted against him, which resulted in an adjudication of bankruptcy; the rights of the attaching creditors, the wife under the quit-claim deed, and the assignees of the contract, came before the bankruptcy court for determination, and it was there held the bankrupt's rights consisted, *first,* of a right to have conveyance of the farm provided he paid the mortgage in five years; and *second,* the right of possession during that term; and the right of the assignee in bankruptcy to the possessory right was sustained as subject to sale absolutely, but the interest in the farm under the stipulation for reconveyance was held to be subject to the attachment levies; the assignee in bankruptcy thereupon sold his interest in the farm and products; judgments were rendered in the attachment causes, executions issued and levied on the farm as real estate, and sales made; the titles of the purchasers at the assignee's sale and of the bankrupt's wife having been brought together in complainant, he filed this bill to quiet his title against said attachment and execution levies and sales:—

*Held,* That the determination of the bankruptcy court upon the rights of the parties is binding and conclusive upon them; that the evidence is satisfactory as to complainant's possession and in regard to his ownership of an interest to entitle him to bring this bill; and that if the proceedings in the attachment causes are insufficient in law to bind any interest in the farm, and only give a color of right, and finally prejudice complainant's title only as they becloud it, their power to so operate ought to be taken away.

*Right of possession of lands for term of years: Chattel interest: Execution levy.* The right to the possession of the farm for the five years under the contract was a chattel interest, and if subject to seizure on attachment, it was as a chattel interest, and not as real estate; and a levy upon the farm as real estate, making no reference to the mere possessory right, would not reach that interest.

*Contingent right to conveyance: Equitable interest: Levy.* The contingent right to a conveyance under the contract was not a legal interest, but a mere equity, and incapable of being held by levy at common law.

*Contingent right to conveyance: Equitable interest: Execution levy: Subsequent proceedings.* If such contingent right was liable to be subjected upon attachment and execution, it could only be done through compliance with the statute (*Comp. L. 1871,* § *4628*) providing for supplementing levies by proceedings to ascertain and determine the interest seized; and assuming the levies were properly shaped to subject such right, it would be indispensable to their continuance in force that proceedings be taken, either before sale or within a year thereafter, to ascertain and determine the interest.

*Contract for conveyance: Condition: Time: Attachment levies: Sales.* The condition on which the right to reconveyance hinged never having been performed, and the time for its performance having expired before the sales on the executions, the equity of the debtor in the lands was extinguished and no interest or right remained to support the proceedings.

*Contract to reconvey: Attachment: Offer to perform.* The attachment creditors having purchased in the mortgage, their offer to surrender it to the mortgagor's wife, on condition that she would convey the farm as provided in the agreement she had given her husband, could have no force,

as they then had no title to such agreement for conveyance, and had no right to call upon her for performance of its covenants.

*Heard April 6.   Decided June 6.*

Appeal in Chancery from Calhoun Circuit.

*Brown & Patterson,* for complainant.

*T. G. Pray,* for defendants.

GRAVES, J:

Complainant, claiming to be owner and in possession of a farm of four hundred and forty acres in Homer, Calhoun county, filed the present bill April 3d, 1875, to quiet his title against certain attachments and executions under which the defendant Fox had sought to subject the premises for liabilities incurred by one Powell Grover. Richfield acted as sheriff, and the only ground of his being made a party was his official connection with the proceedings.

The circuit court, after hearing on pleadings and evidence, granted the relief prayed, and Fox appealed. The matters in the record are numerous and somewhat complicated, and no attempt will be made to specify all. A reference to some of the main facts is necessary.

October 19th, 1867, and prior thereto, Powell Grover owned the farm in question, and with his wife, Elizabeth Grover, and his family, resided on it. He became anxious to engage in lumbering with one Wright in Osceola county, and to effectuate his wish, proposed to raise by mortgage on the farm the sum of six thousand dollars. The family opposed the project, and Mrs. Grover refused to join in the suggested mortgage. The loan was to be for five years, with interest semi-annually at the rate of ten per cent.

Some agreement became necessary to enable Mr. Grover to raise the loan upon the farm, and the following understanding was reached. He was to convey the farm to Mrs. Grover, and thereupon both were to execute the mortgage, and Mrs. Grover was to execute a paper to him, binding

herself to reconvey on his paying the mortgage in five years, and also allowing him to hold possession during the five years. This bargain was completed by the execution of the proper writings on said 19th of October. The mortgage was made to one Parker, who provided the money.

Grover and Wright then went into partnership under the name of "Grover & Wright," and a few days later proceeded to the pine woods to carry out the contemplated lumbering operations. In the course of about a year, however, the necessities of the firm required more money, and in raising it Grover made himself liable to Fox on account of two notes of about three thousand dollars each, and also liable to Houck & Ostrom for some two thousand dollars more.

The parties in whose favor these liabilities were incurred knew of the arrangements which had been made between Grover and his wife, and did not give credit to Grover upon the faith of his having any legal title to the farm. These demands being unpaid, three attachment suits were instituted for their collection, two by Fox, and one by Houck & Ostrom. This occurred in May, 1869. The attachments were levied on the farm as real estate of Grover, and on some other property. Some time in the fore part of 1870, Fox, Houck and Ostrom bought the Parker mortgage.

October 19, 1869, bankruptcy proceedings were commenced against Grover & Wright, by a creditor, in the district court of the eastern district of Michigan, and they were adjudged bankrupts November 9th thereafter. C. J. Reilley was appointed assignee, and in the succeeding December the assets were vested in him.

After the levy of the attachments, and within four months next prior to the bankruptcy proceedings, Grover assigned to his wife the agreement for reconveyance, and quit-claimed the farm to her. He also made an assignment to Fox of the agreement for reconveyance.

Subsequently, and on December 6, 1870, judgments were given against Grover in all the attachment suits.

September 5, 1871, after full hearing of the attaching creditors and all concerned, the district court, sitting in bankruptcy, adjudicated upon and definitely settled the rights of the respective parties in interest in and concerning the farm.

The attachment levies having been made more than four months before the bankruptcy proceedings, were not disturbed; but the assignments of the agreement for reconveyance, and the quit-claim of 1869 to Mrs. Grover, were held void as against Grover's creditors, and it was decided that the only right Powell Grover held under the arrangement with his wife of 1867 was to have reconveyance of the farm in case of his payment of the Parker mortgage in five years, and to have possession of the farm during that period. The decree in bankruptcy also assumed that the attachment levies were not upon this right of possession at all, and that it accordingly vested in the assignee in bankruptcy and was subject to sale absolutely, whilst the interest in the farm under the stipulation for reconveyance could only be disposed of subject to the levies.

August 27, 1872, the district court, on petition of the assignee, ordered him to sell his interest in the farm and products, and on the next day, and pursuant to the order, he sold and conveyed his interest in the farm for three hundred dollars to Nancy A. and Martha A. Grover, daughters of Powell and Elizabeth Grover. This was of course subject to whatever right the attachments covered.

Executions in the attachment cases had been issued in January, 1871, and levied on the farm as real estate, and on June 10, 1873, the district court granted leave to proceed to enforce the attachment levies in the state court.

January 9, 1874, defendant Richfield, as sheriff, sold the farm on the three executions, the defendant Fox being the purchaser on each.

December, 1874, Nancy A. and Martha A. Grover, the purchasers from the assignee in bankruptcy, conveyed to

their mother, Elizabeth Grover, and she conveyed to complainant, who is a son of Powell and Elizabeth Grover.

The Parker mortgage has not been paid. Proceedings on the part of Fox to foreclose it have given rise to another suit, which was heard at the same time with this, and the force of these proceedings will be noticed in the opinion in that case.

The evidence is satisfactory as to complainant's possession, and in regard to his ownership of an interest to entitle him to bring this bill.—§ *5072, C. L.* Upon that aspect of the case there appears no room for real controversy.

The question on which the case hinges is, whether the claim asserted by Fox, on the strength of the proceedings in the attachment cases, in opposition to the title of complainant, is one which ought to be suppressed.

If those proceedings have force to bind any interest in the farm, they ought not to be hindered from operating in Fox's favor to hold that interest. But if they are not sufficient in law to bind any interest, and only give a color of right, and finally prejudice complainant's title only as they becloud it, then their power to so operate ought to be taken away.

It is sufficiently plain that Fox's claim must be confined to such rights or interests in or upon the farm as were held by Powell Grover at the time of the proceedings.

No other rights or interests in or upon the farm have been touched by the levies. And we are not left to speculate upon the nature or extent of his rights or interests in that regard. The question was distinctly presented and passed upon in the district court, where all parties were represented. The decree there made in bankruptcy, and to which both parties now appeal as conclusive, defined the rights of Powell Grover, as, *first,* a right to have conveyance of the farm provided he paid the Parker mortgage in five years; and, *second,* the right of possession during that term. All further right on his part was denied.— *Wiswall v. Campbell, 3 Otto, 347.*

There is no occasion to discuss the question as to whether the possessory right so held by Powell Grover was subject to seizure on attachment or execution, because if it was, the record shows that in fact it was not levied on at all. The district court evidently so considered, and acted on that opinion. The levies concerning the realty were upon the farm as real estate, and they made no reference whatever to such a right as that in question. If subject to seizure, it was as a chattel interest, and not as real estate.—*Buhl v. Kenyon, 11 Mich., 249; Gorham v. Arnold, 22 Mich., 247.*

. That Powell Grover was owner of the right, could therefore afford no support to the claim of Fox under the proceedings in the attachment cases.

We then come to the other interest, the contingent right to a conveyance. This was not a legal interest. It was a mere equity, and incapable of being held by levy at common law. If liable to be subjected upon attachment and execution, it could only be so through compliance with the statute for supplementing the levies by proceedings to ascertain and determine the interest seized.—§ *4628, C. L.* The right was not proceeded against, however, as an equity. As before stated, the levies were upon the farm, as real estate held by the debtor under legal title, and the sales and other steps were conducted on that theory.

But passing all objections based upon the circumstance that the levies were made and sales conducted as in case of legal interests in real estate, and assuming that they were properly shaped to subject the right of Powell Grover, and still, as before stated, it was indispensable to the continuance of force in the levies, to take proceedings, either before sale, or within a year thereafter, to ascertain and determine the interest.—§ *4628.*

At the time the bill was filed, however, this period had long passed and yet no such proceeding had been taken anywhere, unless the action in bankruptcy should be deemed to answer the purpose. Fox, virtually admitting the neces-

sity of such a proceeding, contends, nevertheless, that the action in bankruptcy was in character proper to satisfy the sense of the statute, and that no other proceeding was requisite to define the landed interest attached. Whether this is correct or not, it is useless to consider; because, admitting it to be so, and still it appears that the definition actually given by the district court fails utterly to give efficacy to the attachment proceedings against any right in or to the farm.

The court proceeded to ascertain and settle the right of Powell Grover, and decided that it was conditional, and would wholly cease at the end of five years, computed from the 19th of October, 1867, unless in the meantime he paid the Parker mortgage.

The mortgage has never been paid, and hence the right to call for conveyance expired long prior to the sales on execution. The equity, therefore, ceased long ago, and no interest or right has remained for the proceedings to apply to.

No importance can be attached to the alleged offer of Fox, Houck and Ostrom to Mrs. Grover, in August, 1872, to surrender to her the Parker mortgage and the agreement she gave her husband for conveyance, upon the condition that she would convey as provided in the agreement. They had no title to the agreement for conveyance. Nearly a year before, the court in bankruptcy had declared the assignment under, which they claimed to hold it, to be void. And at the time of the offer, it was not yet ascertained who, if any one, would become entitled by force of proceedings in the attachment suits.

The conclusion reached is, that when this bill was filed, whatever may have been the state of things in construction of law before, there was no living interest in or to the farm, or any part of it, subject to the attachment proceedings, and that such proceedings, in so far as they purport to affect the farm, have no other operation than to becloud complainant's title, and in that way prejudice his right.

No notice has been taken of the great mass of objections in the record to the attachment proceedings. A great many, certainly, have no force in such a case as this.

The decree should be affirmed, with costs.

The other Justices concurred.