WILSON C. EDSELL AND CHARLES W. EDSELL v. BART-
LETT A. NEVINS.

*Fraudulent conveyances—Execution—Equitable interest—Laches—*
*Bill to quiet title—Possession.*

Complainants took an assignment of a land contract as security for a loan, and at the request of the debtor, who was unable to meet his debt or the last payment on the contract, made such payment, and took a deed in their own names, and then contracted the land to the debtor's wife for the amount of their claims against the husband. During the life of the latter contract, the land was attached by a creditor of the husband, and afterwards levied upon, and

notice of such levy filed, but no further steps were taken thereunder. Over two years after such attachment levy, complainants, with the consent of the wife, contracted the land to another party. The judgment creditor refused to release his levy, claiming that the husband had an attachable interest in the land, and that his surrender of his contract to complainants, and the execution of a new contract to his wife, was a mere device to defraud such creditor; whereupon complainants filed a bill to remove the cloud upon their title, which one of them testified was held as security for the debt due from the wife, to whom the surplus arising on the *last* sale was to be turned over. The vendee in the *last* contract was in possession, but without any stipulation in the contract therefor. In decreeing the relief prayed for, the Court hold—

*a*—That the right to enforce the lien, if it ever existed, has been lost by the failure of the judgment creditor to institute proceedings within one year to ascertain and determine the rights and equities of the judgment debtor; citing How. Stat. § 6108; *Grover v. Fox*, 36 Mich. 453; *Messmore v. Huggard*, 46 Id. 558; *Cranson v. Smith*, 47 Id. 189, 647.

*b*—The complainants were in a situation, in regard to the legal title and the possession, to maintain their bill [1]

Appeal from Allegan. (Arnold, J.) Submitted on briefs January 28, 1890. Decided April 11, 1890.

Bill to remove cloud from title. Defendant appeals. Affirmed. The facts are stated in the opinion.

*W. B. Williams & Son*, for complainants, contended:

1. It is claimed by the defendant that Cook owned an equitable interest in the land which was liable to execution under How. Stat. § 6108. The equities of redemption liable to levy and sale under this statute are *legal* equities, and not mere *equities*; citing *Gorham v. Arnold*, 22 Mich. 250; *Whiting v. Butler*, 29 Id. 129; *Rawdon v. Dodge*, 40 Id. 697; and a mere equity is not subject to execution; citing *Gorham v. Wing*, 10 Mich. 486, 492.

2. The most that is claimed by defendant's counsel is that Mrs. Cook held at the time of the levy as trustee for Mr. Cook, he having paid the consideration money. But if she did so hold,

[1] The bill was filed prior to the passage of Act No. 260, Laws of 1887, which permits the claimant of the legal or equitable title to lands, whether in possession or not, to file such a bill against a party *not* in possession.

his equitable interest was not liable to levy and sale on execution; citing *Trask v. Green*, 9 Mich. 358; *Maynard v. Hoskins*, Id. 485; *Gorham v. Wing*, 10 Id. 486; *Gorham v. Arnold*, 22 Id. 250; *Harwood v, Underwood*, 28 Id. 427, 431; *Fairbairn v. Middlemiss*, 47 Id. 372.

3. If there was an attachable or leviable interest, defendant should have proceeded at once after levy to enforce the same by a bill in aid of execution; citing *Cranson v. Smith*, 47 Mich. 189, 647; *Messmore v. Huggard*, 46 Id. 558; and he should have moved during the life of the contract to Mrs. Cook; citing *Grover v. Fox*, 36 Mich. 453.

4. If Mr. Cook had any rights growing out of the transaction at the time of the levy, they could only be reached after the return of an execution *nulla bona*, and a bill filed in the nature of a creditor's bill, to which Mr. and Mrs. Cook were parties, as in that way only could Mrs. Cook's rights and interests be determined; citing *Smith v. Thompson*, Walk. Ch. 1; *Tyler v. Peatt*, 30 Mich. 63; *Fairbairn v. Middlemiss*, 47 Id. 372; *Cranson v. Smith*, Id. 189; *Vanderpool v. Notley*, 71 Id. 422.

5. The contract to Mrs. Hoag gave her no right to possession, therefore her possession was that of a tenant at will; citing *Dwight v. Cutler*, 3 Mich. 572; *Crane v. O'Reiley*, 8 Id. 312; and such possession is sufficient to give complainants a right to file their bill; citing *Blanchard v. Tyler*, 12 Mich. 339, 342; *Woods v. Monroe*, 17 Id. 238; *Holbrook v. Winson*, 23 Id. 394; and at time of decree the statute did not require possession, and does not now; citing Act No. 260, Laws of '1887; *Hatch v. St. Joseph*, 68 Mich. 220.

6. In this class of cases possession is not necessary, and the bill will lie under the general equity jurisdiction; citing *Pettit v. Shepherd*, 5 Paige, 501; *Jones v. Smith*, 22 Mich. 360, 365; *King v. Carpenter*, 37 Id. 363, 367; *Eaton v. Trowbridge*, 38 Id. 454; *Church v. Clark*, 41 Id. 730, 739.

*Padgham & Padgham*, for defendant, contended:

1. The evidence shows that C. L. Cook had an equitable interest in the land levied upon, which was subject to execution under How. Stat. § 6108; citing *Grover v. Fox*, 36 Mich. 453.

2. The bill cannot be maintained, because—

*a*—The complainants are not in possession, which is in Mrs. Hoag, under a contract of purchase, who is not a tenant, but has a subsisting leviable interest in the land; citing How. Stat. § 6108; *Fitzhugh v. Maxwell*, 34 Mich. 138.

*b*—The bill is filed to remove a cloud upon the title, and in such case the complainant must have a legal or equitable title

to the land, and must have the actual possession; citing *Stockton v. Williams*, 1 Doug. 568.

c—The deed from Mower to complainants is held as security for the payment of Mrs. Cook's debt, as testified to by one of the complainants, hence is only a mortgage; citing *Johnson v. Van Velsor*, 43 Mich. 208; *Barber v. Milner*, Id. 248; *Hurst v. Beaver*, 50 Id. 612; *Ferris v. Wilcox*, 51 Id. 105.

CHAMPLIN, C. J. Bill of complaint is filed to remove a cloud from title.

In September, 1878, Calvin R. Mower was the owner of lots 65 and 66 Orleans street, and lot 69 Franklin street, in the village of Otsego, Mich. He entered into a written contract to sell said lots to Chauncey L. Cook for $400, payable in four equal annual payments, with interest. Cook built a house and barn upon the premises, and lived thereon as a homestead.

W. C. Edsell & son (complainants) were bankers at the village of Otsego, and on January 24, 1882, Cook effected a loan from them, and assigned to them his contract of purchase as security. Upon this security Cook borrowed money from time to time, and gave his notes therefor. In the summer of 1882, and before the last payment became due upon his contract, Cook informed complainants that he was unable to meet the last payment, and was also unable to pay his notes to complainants, and requested them to pay the balance on the contract to Mower, and take a deed of the premises in their own name, and then to contract the same to his wife, Eunice A. Cook, for the total amount which should be due from him. In accordance with this request, complainants, as they claim, on September 27 or 28, 1882, paid Mower, and received from him a warranty deed, bearing date September 21, 1882, and on September 28, as they claim, canceled the obligations they held against Cook, and made a contract in writing for the sale of the premises to Eunice A. Cook for the amount then due to complainants from Chauncey

L. Cook, being $860, payable as follows: $300 on or before one year from date; $300 on or before two years from date; and $260 on or before three years from date,—with interest payable annually at the rate of 10 per cent. Mrs. Cook never paid the above sums, and Mr. and Mrs. Cook removed from the premises, and they were rented, and complainants collected the rent, and applied or indorsed the amounts collected upon the contract executed by Mrs. Cook.

On March 7, 1885, with Mrs. Cook's consent, complainants sold the premises to Mrs. Abigail E. Hoag for $1,400,—$500 to be paid April 7, 1885, and the balance on or before two years, with interest payable annually at 10 per cent.; which sum she is ready and willing to pay, as soon as complainants will give her a clear title. One of the complainants testifies that, although they hold the legal title to the property, they regarded it as security for the amount due them from Mrs. Cook, with interest, costs, and expenses, and when that is paid the balance they intend to turn over to Mrs. Cook.

Chauncey L. Cook, being indebted to defendant, Nevins, upon a note for $270, dated September 29, 1882, secured the same by chattel mortgage upon personal property, which security proved valueless; and on January 23, 1883, he commenced suit by attachment upon the note, and levied his attachment upon the land in question. He obtained a judgment, and levied an execution upon the premises attached on April 5, 1884, and recorded the same the same day in the register of deeds' office in Allegan county. Nothing has been done by defendant since to enforce the levy, and defendant refuses to release it.

Defendant claims that on January 26, 1883, Chauncey L. Cook had an attachable interest in said lands, and that his levy under his execution constitutes a valid lien

upon such lands.    He claims that the surrender by
Chauncey L. Cook of his land contract to complainants,
and the execution of a new contract to Cook's wife, was
a mere device to defraud him, and hinder him in the
collection of his debt against Chauncey L. Cook, and
that he had the same interest in the land as he did
before the contract to Mrs. Cook. If his claim be true,
he has lost all right to enforce his lien by his laches.
The statute (How. Stat. § 6108) permitting an execution
to be levied upon equitable interests in lands, and in
lands conveyed to defraud creditors, requires the judg-
ment creditor to proceed within a year, and institute
proceedings to ascertain and determine the rights and
equities of the judgment debtor. *Grover v. Fox*, 36 Mich.
453; *Messmore v. Huggard*, 46 Id. 558 (9 N. W. Rep.
853); *Cranson v. Smith*, 47 Id. 191, 647 (10 N. W. Rep.
194, 11 Id. 186).

If we were to go into the merits of the case, we should
feel inclined to hold that the property was at the time a
homestead, so far as it came within the limitation as to
quantity, and to that extent was not liable to be levied
upon by creditors, but it is not necessary to enter into
the discussion bearing upon the intent of abandonment.

We think the complainants were in a situation, in
regard to the legal title and the possession, to maintain
their bill, and the decree of the circuit court is affirmed.

MORSE, LONG, and GRANT, JJ., concurred.