104 537
s62NW 832
132 ²657

## WILLIAM F. FRATCHER v. SARAH SMITH.

*Landlord and tenant—Subletting—Statute of frauds—Notice to quit—Summary proceedings—Evidence.*

1. The owner of a written lease of a building having three years to run verbally sublet a portion of the leased premises at a monthly rental. And it is held that the sublessee acquired an interest in land, within the meaning of How. Stat. § 6179, which prohibits the creation by parol of any estate or interest in lands, other than leases for a term not exceeding one year.
2. An oral notice given April 5, requiring the sublessee to quit on or before May 6, being the day after the expiration of one year from the date of the subletting, was sufficient, even if the agreement was for the unexpired term of the original lease.

3. Summary proceedings to recover possession of the portion of the premises covered by the sublease, instituted on May 6, were not premature, the year having fully expired.

4. While the admission of testimony as to the value of certain furniture which the sublessee claimed to have purchased from the owner of the lease at more than its real value as a consideration for a subletting for three years, which she claimed was the agreement, but which he denied, claiming it was for but one year, might not have been error, it was proper to exclude it.

Error to Wayne. (Brevoort, J.) Submitted on briefs February 13, 1895. Decided April 2, 1895.

Summary proceedings to recover the possession of leased premises. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Atkinson & Atkinson,* for appellant.

*John H. Powell,* for complainant.

HOOKER, J. One Latulip owned a lease of a building in Detroit for five years. At the expiration of the second year, viz., on May 5, 1891, he made a parol agreement by which he sold to the defendant certain furniture in the second and third stories, and let her said stories at a rental of $35 a month. The parties disagree about the length of time that the defendant was to have the premises, she claiming that she was to have them for the unexpired period, and Latulip testifying that it was for a year. She took possession May 6, 1891. On April 5, 1892, the complainant, who had purchased Latulip's lease, gave her an oral notice to quit on or before the 6th of May, 1892, and instituted these proceedings to recover the possession upon her failure to vacate.

Complainant's contention is that the lease was for one year, and that no notice was necessary, and that, if the arrangement was for three years, it was void under the

statute of frauds, and the notice of April 5, of one month, was sufficient, rent being payable at monthly intervals. The defendant's counsel claim that the lease for five years was a chattel interest; that Latulip did not lease the premises, but assigned his chattel interest, which he could lawfully do by parol. No authority is cited in support of this proposition except How. Stat. § 5521, which states that estates in land for years are chattels real, and the cases of *Buhl v. Kenyon*, 11 Mich. 249, and *Grover v. Fox*, 36 Id. 453, which hold that such estates are to be sold upon execution under the rules pertaining to the sale of chattels on execution, and not under laws providing for sales of real estate upon execution. These cases are not, in our opinion, antagonistic to How. Stat. § 6179, which provides:

" No estate or interest in lands, other than leases for a term not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered, or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed .by the party creating, granting, assigning, surrendering, or declaring the same, or by some person thereunto by him lawfully authorized by writing."

The defendant certainly acquired an interest in land, and it matters not whether it was by assignment or otherwise. It clearly was not by assignment, however, as it covered but a portion of the premises, and a different rent was reserved. It was obviously a case of subletting. An oral notice to quit was sufficient. Com. Dig. tit. "Estates by Grant," G 11, note *p;* *Roe v. Pierce*, 2 Camp. 96; *Bird v. Defonvielle*, 2 Car. & K. 415; 2 Tayl. Landl. & Ten. § 482, and cases cited. See How. Stat. § 5774. The court instructed the jury that, if the renting was for one year, no notice was necessary, but, if the arrangement was for three years, it was within the statute of frauds,

and defendant could not be dispossessed unless a notice was served a month before the expiration of the year. He left both questions to the jury.

It is asserted that proceedings were prematurely begun, but the evidence shows a leasing on May 5, and the proceedings were commenced May 6. The year had fully expired, and the complaint was seasonably made.

Error is assigned upon the exclusion of testimony concerning the value of the furniture, upon the claim that a large price was given in consideration of a lease for three years. The conversation was admissible, and was not excluded, but the private reasons of defendant for her action were immaterial; and, while the admission of proof of the value of the furniture might not have been error, we think it was proper to exclude it.

The judgment will be affirmed.

The other Justices concurred.