## CLELAND *v.* CLARK.

1. BILL IN AID OF EXECUTION—LACHES—OBJECTION NOT RAISED BELOW.

   The objection that a bill in aid of execution was not filed in time, under 3 Comp. Laws 1897, § 9167, cannot be raised for the first time by defendants, after a hearing on the merits, on complainant's appeal.

2. BETTERMENTS—BASIS OF ALLOWANCE.

   Allowance for betterments should be based on the increased value of the premises, not on the cost of the improvements.

3. SAME—PURCHASER BY QUITCLAIM—GOOD-FAITH OCCUPANCY—PRIORITY OF LIENS.

   The fact that a purchaser of lands, who occupied and improved the same without knowledge that they were subject to complainant's judgment, took his title by quitclaim deed, will not give complainant priority as against the purchaser's lien for betterments; the "good faith" intended by the betterment statutes meaning, merely, honest belief of the occupant in his right or title.

4. SAME—EQUITY PRACTICE.

   On a bill in aid of execution to reach lands in the possession of one who purchased and improved them without knowledge of complainant's judgment, it was proper to make an allowance in the decree for betterments.

Appeal from Muskegon; Russell, J.    Submitted January 12, 1900.    Decided March 6, 1900.

Bill by Daniel Cleland against John H. Clark, Mary Clark, Charles Carpenter, Harriet Carpenter, George Newville, Lena Newville, and Isaac Manchester in aid of execution.    From a decree for complainant, subject to the equities of certain defendants, he appeals.    Affirmed.

*Rolland J. Cleland* (*Arthur Lowell*, of counsel), for complainant.

*Dan T. Chamberlain*, for defendants Carpenter.

*Charles B. Cross*, for defendants Newville.

MOORE, J.    This proceeding was commenced by a bill filed in aid of an execution.    The complainant obtained a judgment against John H. Clark, and caused a levy to be made upon land in which he claimed Clark had an interest.    He also claimed that Clark had fraudulently conveyed away some of the land, and he asked to have the conveyances set aside, and that he might be allowed to sell the land free from said conveyances.    The circuit judge made a decree to the effect that 40 acres of said land, when the levy was made, was occupied by Clark as a homestead, and was exempt from levy and sale upon execution, and that said land is now owned by the defendants Newville, and that the levy upon said land was a cloud upon the title, and required complainant to make a release of the levy.    The decree also finds that Harriet Carpenter has a mortgage interest in the west 80 acres of the land in controversy, amounting to $728, for which amount she is given a lien upon said land.    It also finds that Mrs. Carpenter entered into possession of the land.

under color of title, and occupied it in good faith, and made improvements thereon amounting to $700, for which she is given a further lien upon said lands. It further finds that there is due the complainant $523, for which, by reason of his levy, he has a lien upon all of the land, except the 40 acres decreed to be a homestead, subject to the lien of Mrs. Carpenter of $1,428, and authorized the complainant to sell said land, subject to said lien, to satisfy his debt. From this decree complainant appeals. None of the defendants appealed.

The solicitors for the defendants urge here, for the first time, that under the provisions of 2 How. Stat. § 6108 (3 Comp. Laws 1897, § 9167), complainant did not bring his proceeding in time (citing *Edsell* v. *Nevins*, 80 Mich. 151 [44 N. W. 1115]), and that the bill should have been dismissed. The defendants have not appealed from the decree. No such claim was made in any of the answers, nor was it made in the court below. Issue was joined, and a full hearing had upon the merits. The question cannot, under such circumstances, be raised here for the first time.

It is the claim of the complainant that all of the land described in the bill of complaint should be subject to his levy, and he makes a long argument in support of his position. We are satisfied with the decree below in relation to the homestead of Mr. Newville, and with that part of the decree finding Mrs. Carpenter entitled to a mortgage lien upon the land, and do not deem it necessary to discuss those features of the case. The portion of the decree in relation to which we think discussion is necessary is that part of it giving Mrs. Carpenter a lien for the value of her improvements ahead of the lien established by the attachment and execution levy. It is the claim of the complainant that this part of the decree cannot be sustained, for three reasons:

1. Because Mrs. Carpenter is not an occupant under color of title and in good faith.

2. Because her title is by quitclaim deed (citing *Peters v. Cartier*, 80 Mich. 124 [45 N. W. 73, 20 Am. St. Rep. 508]).

3. Because, by virtue of the statute (3 Comp. Laws 1897, § 10995), the measure of the sum to be paid for the improvements is not the cost of the improvements, but the increased value of the premises.

There is no doubt the rule is properly stated in the third reason as to the value of the improvements. The objection was not made in the court below to the testimony of the witnesses who testified as to the cost of the improvements, that they should not be allowed to testify as to the cost of the improvements, but should confine their testimony to stating how much the improvements enhanced the value of the land. So far as the record discloses, this objection is made here for the first time. The witnesses were sworn in open court. The record is in the narrative form. The witnesses testified as to the value of the improvements. They were not required to limit their testimony to the enhanced value of the land by reason of the improvements. We are not prepared to say the circuit judge reached a wrong conclusion as to the value of these improvements.

As to the first of these reasons: The purchase of the land was made by Mr. Carpenter on the part of his wife. He testifies that when he bought the land for his wife he bought it in good faith, and supposed he was buying a good title, and that they knew nothing to the contrary until nearly all the improvements had been made. It is the claim of complainant that in May, after the Carpenters moved upon the land, he saw Mrs. Carpenter at her home, and notified her that she must not make improvements upon the land. Cleland at the same time gave a like notice to Mr. Newville, who was living on the 40 acres obtained by him from Mr. Clark. Mr. Newville testified that the value of the improvements made by the Carpenters on their land at this time was from seven to eight hundred dollars. The circuit judge had the advan-

tage of seeing the witnesses and judging of their credibility. The testimony justified the circuit judge in the conclusion he reached as to the value of the improvements made before complainant notified the defendants they must not make their improvements.

Is the case of *Peters* v. *Cartier*, 80 Mich. 124 (45 N. W. 73, 20 Am. St. Rep. 508), conclusive against the right of Mrs. Carpenter to make this defense? The opinion in that case indicates pretty clearly that Cartier knew he had no title. It is stated there, as is claimed by counsel here, that persons who hold by a quitclaim deed are not *bona fide* purchasers; but as was explained in *Ripley* v. *Seligman*, 88 Mich. 177 (50 N. W. 143), and *Culbertson* v. *Witbeck Co.*, 92 Mich. 469 (52 N. W. 993), the case arose under the recording laws, and does not apply to the case at bar. See, also, *Otis* v. *Kennedy*, 107 Mich. 312 (65 N. W. 219). If the complainant had faith enough in his attachment and execution levy to buy in the land at execution sale, and had then brought ejectment, could there be any doubt of the right of Mrs. Carpenter under the provisions of section 10995, 3 Comp. Laws 1897, to make this defense? Why should she be deprived of that right. because the complainant has seen fit to appeal to the equity side of the court? The theory of all the betterment laws is that no one should be made richer at the expense of another. The claim for betterments is founded upon equitable grounds, and it would be a novel proposition that one could cut off an equitable defense, which could be successfully urged at law, by selecting the equity court as a forum, instead of litigating his case upon the law side of the court. As was said by Justice MONT-GOMERY in *Petit* v. *Railroad Co.*, 119 Mich. 492 (78 N. W. 554), "The good faith intended by this statute means honest belief of the occupant in his right or title." See, also, *Miller* v. *Clark*, 56 Mich. 337 (23 N. W. 35); *Sherman* v. *A. P. Cook Co.*, 98 Mich. 61 (57 N. W. 23); *Lemerand* v. *Railroad Co.*, 117 Mich. 309 (75 N. W. 763); *Cole* v. *Johnson*, 53 Miss. 94; *Rawson* v. *Fox*, 65

Ill. 200; *Griswold* v. *Bragg*, 19 Blatchf. 94 (6 Fed. 342); *Canal Bank* v. *Hudson*, 111 U. S. 66 (4 Sup. Ct. 303).

The decree of the court below is affirmed. We are asked to allow defendants Newville more than usual costs. We decline to do so. The defendants will have costs of this court.

The other Justices concurred.