FRENCH v. NEWBERRY.

1. FRAUDULENT CONVEYANCES — RIGHT. TO COMPLAIN — INSTRUC-
TIONS.
   Where a creditor levies on property of his debtor, which the
   evidence shows was in reality purchased and used by the
   debtor, although the receipt was made out in the name of his
   brother, and the brother seeks to replevy the goods, an in-
   struction in the replevin suit that the creditor must have had
   knowledge of his debtor's ownership of the property, and
   extended credit to him on the strength of it, before he can
   complain of the transfer, is erroneous.

2. SAME—REMEDY—SALE OF CHATTELS—TITLE—PAROL EVIDENCE
   TO CONTRADICT WRITING.
   Although real estate purchased by a debtor in the name of a
   third person is not subject to levy on execution, and can only
   be reached by a creditor's bill, a purchase of specific chattels,
   the receipted bill for which is rendered to a third person,
   rests on a different basis, and a levy in the latter case may
   be sustained on parol proof that the debtor paid the consider-
   ation and actually owns the goods.

Error to Wayne; Donovan, J. Submitted April 13,
1900. Decided May 15, 1900.

Replevin by Cassius M. French against Edward H.
Newberry. From a judgment for plaintiff, defendant
brings error. Reversed.

*Frank T. Lodge*, for appellant.

*T. E. Tarsney, D. B. Hayes, R. I. Lawson*, and *W. G.
Fitzpatrick*, for appellee.

MONTGOMERY, C. J. Defendant, a constable, under an
execution upon a judgment in favor of Frank T. Lodge
against Lester B. French, levied upon some horses,
harness, and a phaeton, as the property of French. At
the time of the levy, the property was in possession of

Manchester, a livery-stable keeper, who pointed out to the constable the property levied upon as Mr. French's property. After the levy, defendant left it with Manchester, taking a receipt therefor in the usual form, and was proceeding to advertise and sell when plaintiff, a brother of Lester B. French, began the present suit in replevin.

The testimony tended to show that the property was purchased by Lester B. French, the consideration paid by him, and a receipted bill rendered in the name of Cassius M. French, and an order given to Mr. Manchester, in whose possession the property was, to deliver the same to Cassius M. French. The evidence also showed that Lester B. French used the property most of the time. The theory of the defendant was that Lester B. French made the purchase ostensibly in the name of plaintiff, but with the purpose of circumventing his (Lester's) creditors; that, as a matter of fact, the property was really his from the first.

The circuit judge charged the jury, on plaintiff's request, as follows:

"It is left to the jury to say if there is any evidence in the case to show that Mr. Lodge extended credit to Lester B. French on the strength of this property, or to show that he knew of this property at the time this claim arose; and if he did not, and did not rely upon it, he could not complain of the transfer of the property."

This was error. 2 Bigelow, Fraud, 327.

It is contended on the part of the plaintiff that this error was without prejudice, for the reason that, where the title to the property was never in the debtor, it is not subject to levy on execution, but the creditor must seek his remedy by creditor's bill. This is the rule as to real estate established in this State. *Maynard* v. *Hoskins*, 9 Mich. 485. In many of the States, however, the creditor may reach real estate so transferred by direct levy. 14 Am. & Eng. Enc. Law (2d Ed.), 313; Bump, Fraud. Conv. §§ 217, 531. But in Maine, where it is held that the creditor can only reach real estate purchased by the debtor in the name of

another by resort to a creditor's bill (*Davis* v. *Tibbetts*, 39 Me. 279), it is held that personal property purchased by the debtor under a bill of sale running to a third person may be seized on execution, on the ground that a bill of sale is not essential to the transfer of the property, and may be controlled by testimony. *Godding* v. *Brackett*, 34 Me. 27. In the present case the written memorandum was nothing more than a receipt. We think it was competent to show that the purchase was really made by Lester B. French.

Counsel cite *Kinter* v. *Pickard*, 67 Mich. 125 (34 N. W. 535). In that case the goods in question were bought in part on the credit of the plaintiff. It was sought to maintain a levy on the ground that the debtor had furnished funds to the plaintiff, with which plaintiff had started in business. The attempt was not to seize the identical goods fraudulently purchased. The case does not sustain the plaintiff's contention.

The judgment will be reversed, with costs, and a new trial ordered.

The other Justices concurred.