AMERICAN MUT. BUILDING & LOAN CO.,
APPELLANT, v. ROBERT J. JONES et al.,
RESPONDENTS.

No. 6334.  Decided January 28, 1943.  (133 P. 2d 332.)

For former opinion, see 102 Utah 318, 117 P. 2d 293.

*Cline, Wilson & Cline,* of Milford, for appellant.

*Christenson & Christenson,* of Provo, for respondents.

PER CURIAM.

Petition for rehearing denied.

WOLFE, Chief Justice (dissenting).

I dissent from the order denying a rehearing for the following reasons:

It may well be that the county having legal title by auditor's deed has only that title for the purpose of collecting its tax and for no other purpose. Certainly the requirement to sell only so much of the property as would pay taxes, interest and penalties, 80-10-68, R. S. U. 1933 as amended by Chap. 62, Session Laws 1933 would point in that direction. We have then first to decide whether possession as well as title after auditor's deed and before a valid May sale is in the county. This question would have to be answered whether we hold that the owner after auditor's deed had the right of redemption in its true sense or only a right to defeat the county's title by a condition subsequent until a valid May sale or whether he was a preferential buyer. See concurring opinion in *Home Owners' Loan Corporation* v. *Stevens,* 98 Utah 126, 97 P. 2d 744. Secondly if we decided that the county did not obtain possession or

right to possession after valid auditor's deed, we would have to determine whether one claiming bona fide under color of title—in this case under a sale from the county, although invalid—who takes actual possession, must pay to the former owner the value of the use and occupation during the time he occupies under the invalid sale. This seems to involve our occupying claimant's statute. Nothing is said in Sec. 78-6-1 or in fact anywhere under Chap. 6 of Title 78 of the Code dealing with "Occupying Claimants" about setting off against the claim of the occupying claimant in favor of the owner, rents, issue and profits or the value of the use and occupation. If Chap. 6 of Title 78 of our Code in lineage of the old Betterment Acts, meant to embody into the statute the equity principle of those acts it would seem that the owner would be entitled to the rents and profits whilst the occupier would be entitled to the amount to which his improvements enhanced the value of the property independently of the cost of the improvements. 9 R. C. L. Ejectment p. 953, § 124. *Clelard* v. *Clark*, 123 Mich. 179, 81 N. W. 1086, 81 Am. St. Rep. 161 and note on page 164. But this again may be tied to the question of detention and detention may arise only after a demand for possession.

In some of the states, the statutes permit an offset only to the extent of damages for detention. See note 81 Am. St. Rep. 176 et seq. It is unfortunate that we are in effect trying a suit under the Occupying Claimant's statute in this suit to quiet title. Attention was, in the concurring opinion of the writer in the original decision, called to the fact that this issue was improperly injected into this action to quiet title.

Reference is made to the note in 6 Am. St. Rep. 495; to the note in 15 Am. Dec. 349; to 31 C. J. 337; *Putnam* v. *Tyler*, 117 Pa. 570, 12 A. 43; *Green* v. *Biddle*, 8 Wheat. 1, 5 L. Ed. 547; *Sengfelder* v. *Hill*, 21 Wash. 371, 58 P. 250. It appears therefrom that at common law in an action of ejectment a bona fide holder had at first no claim for meliorations.

Later he had, at least in some jurisdictions, claim to the extent of damages claimed by the owner. In equity if he could properly get there, he had a right to recover the value of the meliorations but whether the disseised had a right to damages in the form of rents and profits or the value of use and occupation—and there may be a difference—does not, so far as my research reveals, appear. Then came the Betterment Acts of which our Chap. 6 of Title 78 is a descendent. This Chapter specifically allows offset for waste. Whether by implication this precludes an offset for value of use and occupation is itself a question. And as before stated, underneath all of the questions above posed, there is the important one of determining whether the former owner has a status which gives him the same rights as an owner admittedly disseised. That depends on his rights between auditor's deed and a valid May sale. I think I have said enough to justify my reason for believing that a rehearing in this case should be granted and these questions determined.