WILLIAM SMITH v. JONATHAN B. SHERMAN, ELIZABETH O. SHERMAN, DARWIN O. WHITE AND ABRAM S. HALL.

*Equity practice—Amendment of bill at the hearing.*

1. A judgment creditor's bill to set aside a deed as in fraud of his rights under the execution did not aver that the sheriff had levied on the land before the bill was filed.    The bill was not demurred to, however, and testimony was taken on the whole issues.    *Held* proper to allow the bill to be amended on the hearing.

2. Costs of the Supreme Court, on affirmance of a decree, are allowed only against the actual appellant, if parties jointly interested with him do not join in the appeal.

Appeal from Oakland.    (Stickney, J.)    Feb. 1.—Feb. 8.

CREDITOR'S BILL.    Defendant Hall appeals.    Affirmed.

*J. W. Robbins* and *Aug. C. Baldwin* for complainant.

*J. Ten Eyck* for defendant appellant.

CAMPBELL, J.    Complainant, who is a judgment creditor of Jonathan Sherman, brought his bill to have a deed made

by Sherman to Hall, his son-in-law, declared fraudulent and void as against his execution rights. It appeared on the hearing that the sheriff levied on the land before bill filed. The bill as originally drawn omitted this averment, but it was not demurred to, and the testimony was taken on the whole issues. On the hearing the bill was allowed to be amended so as to include this charge, and we think that as the case stood it was proper.

The sale was made while complainant was urging his demand, and appears, as we think, to have been in contemplation of the judgment. The consideration alleged was $4000, of which $3000 was paid down in cash and a mortgage assumed for most of the remainder and paid.

The testimony consisted largely of facts bearing on the lack of means of Hall to purchase, and of the failure of Sherman to show what had become of the alleged payment. There is a conflict of testimony on the leading facts. The land has remained as before under the management and possession of Sherman, who claims that this is only because his wife has become lessee, which she has, unquestionably, by a written lease, which complainant claims is one of the fraudulent contrivances.

It would not be profitable to discuss all the facts at large. The circuit judge became satisfied that the fraud had been perpetrated, and set aside the conveyance as to complainant's rights. We are of opinion that this conclusion is justified by the peculiar testimony of Sherman quite as much as by the facts sworn to by others. In such a conflict, where the testimony cannot all be harmonized, we must use our best judgment in comparing it.

We see no reason for disturbing the decree, which must be affirmed. As only Hall appealed, costs must go against him alone in this Court.

The other Justices concurred.