LUMAN JENISON AND LUCIUS JENISON v. ALBERT D. RANKIN AND FRANCES E. RANKIN.

*Ejectment for lands bought under an execution.*

1. A deed in anticipation of insolvency is not void but only voidable; and a judgment creditor who seeks, under How. Stat. § 6108, to levy on land which has been so conveyed by the debtor, must strictly comply with that statute; and if before his levy he does not take the steps prescribed therein for ascertaining what interest the debtor retains in the land, he cannot as a purchaser on execution, maintain ejectment therefor after one year from the execution sale.

2. In ejectment by an execution purchaser for land conveyed by the judgment debtor in anticipation of insolvency, the grantee's wife is not to be impleaded as defendant.

Error to Kent.    (Montgomery, J.)    May 7.—May 13.

EJECTMENT.    Defendants bring error.    Reversed.

*Godwin & Earle* for appellants.

57 MICH.—4

*J. C. Fitz Gerald* and *Allen C. Adsit* for appellees.

SHERWOOD, J. The plaintiffs bring ejectment in this case to recover possession of land in the county of Kent, purchased by them at an execution sale thereof made on the 28th day of May, 1877. The cause was tried before Judge Montgomery at the Kent circuit, without a jury, and the plaintiffs recovered. On the trial the circuit judge found among others, the following facts, viz.: "That on the 4th day of November, 1876, the plaintiffs obtained a judgment against defendant Dwight Rankin et al. for the sum of $1793.57; that, upon this judgment, execution was issued on the day of its rendition to the sheriff of Kent county, who, before the return-day thereof, levied the same upon the lands in question; that afterwards, on the 28th day of May, 1877, the said sheriff, by virtue of said writ, having first given the notice required by law, duly sold said premises to the said Luman Jenison and Lucius Jenison for the sum of eleven dollars per acre, and thereupon the said sheriff, on the day of the date of said sale, made, executed and delivered to said purchasers the certificate of such sale required by law, and at the same time made, executed and filed in the office of the register of deeds for the county of Kent aforesaid one of said certificates; that the said premises were not, nor was any part thereof, ever redeemed from such sale, and that after the expiration of more than fifteen months from the date of said sale, and on the 19th day of September, 1878, the successor in office of the sheriff making such sale completed the same by executing and delivering, in due form of law, a conveyance of said premises to the said Luman Jenison and Lucius Jenison; that on the 2d day of December, 1873, and for several years prior thereto, the said Dwight Rankin had been and then was the owner in fee-simple of the premises mentioned, and that on said 2d day of December, 1873, the said Dwight Rankin, without any consideration therefor, and with the intent to hinder, delay, and defraud his then existing creditors, and also with intent to hinder, delay and defraud his future creditors, made, executed and delivered to the said

Albert D. Rankin a deed of the premises aforesaid, and that the said Albert D. Rankin knew of the intent of said Dwight Rankin at the time he received said conveyance, and received the same with the intent to hinder, delay and defraud such creditors; that said Dwight Rankin, at the date of such conveyance, was indebted to the said plaintiff herein, in the sum of eight hundred and forty dollars, and was also indebted to other parties in considerable sums; that the said Dwight Rankin, at the date of making such conveyance, was about embarking in a hazardous business, and did immediately thereafter embark in such business as one of the firm of Haven, Blake & Co., which firm, while he was yet a member thereof, and within less than a year thereafter, failed in business, were insolvent, and owed the plaintiff herein more than fifteen hundred dollars, and were also largely indebted to others; that the plaintiffs at the time of the commencement of this suit were and still are the owners in fee of the premises above described, and were then and are still entitled to the possession thereof, and that the said deed so given by the said Dwight Rankin to the said Albert D. Rankin is void and of no force or effect as against these plaintiffs, and that the said defendants at the time of the commencement of this suit were and are still in the possession of said premises unlawfully withholding possession thereof from the said plaintiffs."

Some other findings were made at the request of counsel, but the foregoing are sufficient to raise the questions necessary for the disposition of the case.

Counsel for defendants took the following exceptions to the findings of the court, viz.: "(1) That said finding does not purport to state the facts, but states conclusions instead; (2) that said finding of facts is insufficient to support the judgment; (3) that they except to the neglect to find, as matter of law, that defendants were entitled to judgment; (4) that they except to the neglect and refusal of the court to find that this suit was brought too late, and that for that reason plaintiffs could not recover; (5) that they except to the neglect and refusal to find that the plaintiffs had lost their right to bring this action by laches; (6) that they except to the

neglect and refusal to find, as a matter of law, that the plaintiff must bring this suit, if at all, within one year as provided in section 6108 How. Stat.; (7) that they except to the conclusion of the circuit judge that this action might be brought at any time within fifteen years after sale; (8) they except to the conclusion that any title whatever passed to the land in question to plaintiffs by reason of the execution sale and proceedings thereunder."

The provision of the statute referred to in the sixth exception reads as follows: "All the real estate of any debtor, * * * including lands fraudulently conveyed, with intent to defeat, delay or defraud his creditors, * * * shall be subject to the payment of his debts, * * * and may be levied upon and sold on execution as hereinafter provided, * * *: provided, * * * that in case of a levy upon the equitable interest of a judgment debtor, the judgment creditor may, before sale, institute proceedings in aid of said execution, to ascertain and determine the rights and equities of said judgment debtor in the premises so levied upon, and that in case of a sale of said premises without having ascertained and determined the interest of said judgment debtor in the premises so levied upon and sold, he shall, within one year, institute proceedings to ascertain and determine the same, and to settle the rights of the parties in interest therein." How. Stat. § 6108.

It is evident the circuit judge in this case followed the case of *Cleland v. Taylor* 3 Mich. 201, and held that ejectment was proper after sale made and the deed given. The statute then under consideration was simply a provision that lands fraudulently conveyed might be sold on execution. Rev. Stat. 1846, p. 317, § 1. That statute was amended in 1867 so as to read as it does now, and contains provisions stating how and where persons desiring to reach interests in lands fraudulently conveyed should proceed. Sess. L. 1867, vol. 1, p. 132. Evidently the statute was intended to cover such cases as the present.

In *Messmore v. Huggard* 46 Mich. 558, this subject came under examination. Messmore levied an execution on lands

mortgaged, and sold them without taking any step to defeat the mortgage, and then filed his bill to set it aside, as a cloud upon his title. It was held by taking this course he recognized the mortgage on the sale, and the mortgage being for the value of the land, nothing passed by the sale. In discussing the case Mr. Justice Cooley says: " It cannot plausibly be claimed that the law will suffer the judgment creditor to occupy any more favorable position as bidder at his sale than do all other persons. Judicial sales are required to be public for the purpose of inviting full and free competition, with the primary object of producing for the benefit of parties concerned as large a price as public biddings can secure for them. A secondary object is to give all who may desire the property an equal opportunity to compete for it. But full and free competition implies that all parties have equal knowledge of the state of the title ; and the policy of the law is defeated if some one party may bid with such advantages as render competition impossible."

These remarks, I think, apply with great force to the case in hand. The land in this case was offered for sale ; nothing more and nothing less. But the land was not owned by the defendant in the execution. It had been sold and conveyed to Albert Rankin. His deed was not void; at most voidable only, if what plaintiff claimed was true. The record showed, as well as the conveyances themselves, that the land was not that of the defendant in the execution. No claim was made in the notice of sale that the deed to Albert was void, and that the property offered for sale was only the interest of Dwight Rankin. It is very evident in this case that all the parties who might feel inclined to bid stood on an unequal footing; they did not have equal knowledge of the state of the title, and in all such cases there is a failure to secure one of the main objects of a public sale, viz., that all bidders should stand on an equality with the judgment creditor at least. *Ledyard v. Phillips* 32 Mich. 13.

In this case, whatever the form of the levy was, only the equitable interest of the defendants could properly be levied

upon, and under the statute the judgment debtor may, before sale, institute proceedings in aid of execution, and have determined the interest of the defendant in the premises; or, if he fails to do this, and proceeds to make sale, he must do so within one year thereafter. The plaintiffs in this case did neither, and still claim the benefit of the statute attaching these conditions to their right to make such levy and sale at all. This they cannot have. If the plaintiffs seek to make title to equitable interests in the lands of their judgment debtors under this statute, the highest considerations of justice require that its provisions shall be strictly complied with. It was about five years after the sale was made in this case before the present suit was brought. There was no occasion for making Mrs. Rankin a party to this proceeding, and it should not have been done.

The judgment must be reversed, and judgment entered for the defendants, who will recover costs of both courts, and the record must be remanded.

The other Justices concurred.