DANIEL *v.* PALMER.

FRAUDULENT CONVEYANCES—BILL IN AID OF EXECUTION—LIMITATIONS.

> Under 3 Comp. Laws 1897, § 9167, which provides that lands fraudulently conveyed by a debtor shall be subject to his debts, and that, in case of a levy upon an equitable interest, the judgment creditor may, before sale, institute proceedings to ascertain the rights of the judgment debtor in the premises levied on, and that, in case of a sale without having ascertained such interest, he shall, within one year, institute proceedings to determine the same, an execution creditor who desires to attack a conveyance as fraudulent must file his bill before sale, and within one year after levy.

Appeal from Jackson; Peck, J. Submitted April 12, 1900. Decided May 29, 1900.

Bill by Thomas I. Daniel against Mary M. Palmer, surviving defendant of herself and William H. Palmer, in aid of execution. From a decree dismissing the bill on demurrer, complainant appeals. Affirmed.

*Blair, Smith & Townsend* (*Wilson & Cobb*, of counsel), for complainant.

*Richard Price*, for defendant.

MOORE, J. On the 14th day of January, 1895, complainant recovered judgment in justice's court against defendant William H. Palmer for the sum of $80.35 damages and $7.89 costs of suit. February 6, 1895, complainant caused a transcript of this judgment to be filed and docketed in the circuit court. February 20, 1895, execution was issued out of the circuit court on this transcript, which was upon the same day levied upon certain real estate for want of personal property, and the levy regularly recorded in the office of the register of deeds.

At the time the indebtedness was contracted upon which the judgment was based, the real estate levied upon was the individual property of the defendant William H. Palmer. Over a year after the rendition of the last of the services for which judgment was rendered, the said William H. Palmer and Mary M. Palmer, his wife, made a voluntary conveyance of the premises in question to an intermediary, who conveyed them back to the Palmers jointly as husband and wife. The bill of complaint charges that these conveyances were made for the express purpose of preventing complainant and other creditors from collecting their just claims. The bill alleges that there was due on said judgment the sum of $91.61, with interest thereon from January 14, 1895. The bill was filed July 27, 1897. The interest amounted to $13.65, making the total amount due at the time the bill was filed $105.26. The bill prayed that the conveyances above referred to be set aside as against complainant's execution, and the sheriff directed to proceed and sell the same under said execution. The bill is in the usual form of a bill in aid of execution. After the filing of the bill, and before the decree, Mr. Palmer died. The suit is defended by his survivor, Mrs. Palmer.

The defendants demurred to complainant's bill upon three grounds. The first and second are substantially the same, viz., that complainant did not file his bill within one year after the date of the making of the levy. The third ground is that the matter in dispute does not, and did not at the time of the levy, exceed $100. The court held the first ground well taken, paying no attention to the last.

A solution of the questions involved requires an examination of the statutes in relation to sales of real estate on execution. Prior to 1867 the statutory provision was as follows:

"All the real estate of a debtor, whether in possession, reversion, or remainder, including lands fraudulently conveyed with intent to defeat, delay, or defraud his creditors,

and the equities and rights of redemption hereinafter mentioned, shall be subject to the payment of his debts, and may be sold on execution as hereinafter provided." Section 3119, 2 Comp. Laws 1857.

Act No. 95 of the Laws of 1867 amended this section so as to make it read as follows:

"All the real estate of any debtor, including legal and equitable interests in lands acquired by the parties to contracts for the sale and purchase of lands, whether in possession, reversion, or remainder, including lands fraudulently conveyed with intent to defeat, delay, or defraud his creditors, and the equities and rights of redemption hereinafter mentioned, shall be subject to the payment of his debts, liabilities, and obligations, and may be levied upon and sold on execution as hereinafter provided. And when any sale by virtue of any execution shall become absolute, as hereinafter provided, the purchaser at such sale shall acquire all the rights and interests that the debtor had in and to the lands so sold at the time of the levy by virtue of the execution; or, if the levy was made by virtue of an attachment, said purchaser shall acquire all the rights and interests that the debtor had in and to the lands so sold at the time of the levy by virtue of said attachment, including in either case the right to enforce specific performance of any contract hereinbefore mentioned, upon performing the conditions thereof as stipulated therein by said debtor: *Provided,* that this section shall not be construed so as to make liable to levy and sale on execution any amount of land not exceeding the amount now exempted by law from levy and sale on execution, and which would be exempt from levy and sale on execution if owned by the debtor occupying the same. That, in case of a levy upon the equitable interest of a judgment debtor, the judgment creditor may, before sale, institute proceedings in aid of said execution, to ascertain and determine the rights and equities of said judgment debtor in the premises so levied upon; and that, in case of a sale of said premises without having ascertained and determined the interest of said judgment debtor in the premises so levied upon and sold, he shall, within one year, institute proceedings to ascertain and determine the same, and to settle the rights of the parties in interest therein." 3 Comp. Laws 1897, § 9167.

124 MICH.—22.

The solicitors for complainant make a strong argument, in which they urge the limitation of one year does not apply to proceedings instituted before sale. They contend the purpose of the amendment was to subject to levy and sale upon execution legal and equitable interests in lands acquired by the parties to contracts for the sale and purchase of lands, and that the provision relative to lands fraudulently conveyed is now as it was before the amendment. It is said the limitation as to time of filing the bill applies only when the equitable interest of a debtor is levied upon, and does not apply to a proceeding like this, to have a conveyance of land alleged to be in fraud of creditors set aside. It has been repeatedly held that a fraudulent conveyance is good as between the parties. *Belcher* v. *Curtis,* 119 Mich. 1 (77 N. W. 310), and cases there cited. Such a conveyance would be set aside only so far as was necessary to protect the creditor.

This statute, prior to and after the amendment of 1867, has been construed by this court upon several occasions. The circuit judge filed a written opinion, in which he cites the following cases: *Cleland* v. *Taylor*, 3 Mich. 201; *Messmore* v. *Huggard*, 46 Mich. 558 (9 N. W. 853); *Cranson* v. *Smith*, 47 Mich. 189, 647 (10 N. W. 194, 11 N. W. 186); *Jenison* v. *Rankin*, 57 Mich. 49 (23 N. W. 482); *Edsell* v. *Nevins*, 80 Mich. 146 (44 N. W. 1115); *Wolf* v. *O'Conner*, 88 Mich. 124 (50 N. W. 118, 13 L. R. A. 693). After reviewing these cases, he reached a conclusion which he expressed as follows:

"From an examination of these cases, the following propositions, appropriate to a determination of this part of the defendants' demurrer, must be considered as clearly established: (1) A creditor having an execution against a debtor who has made a conveyance of his land which the creditor desires to attack as fraudulent must use the remedy provided by the amendment of 1867. No other is open to him. (2) He must file his bill for that purpose before sale on the execution. It remains to be determined whether he must institute the proceedings within one year from the date of levy. Considering the amendment

in the light of the decisions, it must be held that it was not the purpose of the legislature to provide for cases where the bill is filed after the execution sale, for there could be no such cases. The only cases there could be were those where the bill is filed before the sale, and such cases alone were contemplated and provided for. The one-year limitation must apply to such cases if it has any application at all. Unless it applies to such cases, it is a meaningless and useless provision. A construction of the statute which would have the effect to render it nugatory should be avoided, unless the conditions make that construction imperative. One of the general purposes of this amendment was to compel the creditor to have his debtor's equity in the land levied upon speedily determined, and not allow him, after making his levy, to postpone the test indefinitely. The limit of one year from the date of levy was fixed by the legislature as a reasonable time within which he must file his bill. This wholesome purpose failed utterly unless the one-year limit applies to cases where the bill is filed before sale. Unless it is held to apply to such cases, the entire amendment is abortive."

We think the court placed a right interpretation upon these decisions. If an illustration was wanted of the wisdom of the limitation of time, it is found in the fact that one of the defendants, who knew whether the conveyances were fraudulent or not, died after the period of limitation named in the statute had expired, and before the decree was made, and could not give his version of the transaction.

The decree of the court below is affirmed, with costs.

The other Justices concurred.