KUNZE v. SOLOMON

QUIETING TITLE—PLEADING—AMENDMENT.

* Complainant filed a bill to remove a cloud from his title, consisting of a deed made to defendant upon an execution sale. Upon the hearing complainant was permitted to amend his bill by alleging that defendant had taken no steps to determine the rights and equities of the judgment debtor, under section 9167, 3 Comp. Laws 1897. *Held:*

1. That the amendment did not introduce a new cause of action, but an additional reason for the same cause of action.
2. The failure by a judgment creditor to proceed under section 9167 is fatal to his case.
3. *Held*, under the circumstances of the case, that defendant be given 20 days within which to file in this court a certified copy of such proceedings, if any were taken.

Appeal from Iosco; Simpson, J. Submitted March 8, 1901. Decided April 16, 1901.

Bill by Emil E. Kunze against Anna Solomon to remove a cloud from title. From a decree for complainant, defendant appeals. Modified.

* Head-notes by GRANT, J.

In August, 1892, the executors of the will of William
E. Dodge and one Merrick executed a land contract by
which they agreed to sell to Merrick the land in question.
Merrick failed to make the payments, and on September
15, 1894, assigned his contract to complainant.   In 1894
the Dodge estate executed a deed of the land to complain-
ant, reciting that it was subject to the Merrick contract.
Complainant afterwards paid the amount due, and received
the deed.   On December 27, 1893, one Solomon, having a
judgment against Merrick, caused an execution to be
issued and levy made upon the land.   Nothing was done
under the execution except to levy, and it was lost.
December 31, 1895, an *alias* execution was issued, levy
made, and on October 31, 1896, the land sold at execution
sale to the defendant, and on February 8, 1898, a sheriff's
deed was duly executed and recorded.   Complainant,
claiming that this deed was a cloud upon his title, ten-
dered to the defendant a deed for execution, which she
declined to execute, and thereupon this bill was filed to
remove the cloud.   The bill sets forth the complainant's
title, the forfeiture of the contract by the Dodge estate,
the purchase by complainant, and the proceedings in the
execution sale, and the deed thereunder; alleges that
those proceedings were void for certain reasons; and
prays for the removal of the cloud.

The defendant answered, claiming the validity of the
execution, and alleging that complainant's title was sub-
ject to defendant's levy, which was then a matter of
record.   Testimony was taken in open court, and at the
commencement of the proofs counsel for the complainant
raised the point that defendant had taken no steps to
determine the rights and equities of the judgment debtor,
under section 9167, 3 Comp. Laws 1897.   This point was
insisted upon throughout the hearing.   After the closing
of proofs the court ruled that this point could not be main-
tained by the complainant without an amendment to the
bill, and allowed time for such amendment.   Subse

quently, upon a petition duly filed, the amendment was allowed, and decree entered for the complainant.

*Albert E. Sharpe,* for complainant.

*N. C. Hartingh* (*Main J. Connine,* of counsel), for defendant.

GRANT, J. (*after stating the facts*). 1. It is urged that the amendment introduced a new cause of action, and was not permissible under the rules of pleading. We think otherwise. The amendment permitted the statement of an additional reason against the validity of defendant's deed, and for its annulment as a cloud upon complainant's title. It introduced no new cause of action. 1 Enc. Pl. & Prac. 468, 485; *Church* v. *Holcomb,* 45 Mich. 29 (7 N. W. 167); *Smith* v. *Sherman,* 52 Mich. 637 (18 N. W. 394); *Dodson* v. *McKelvey,* 93 Mich. 263 (53 N. W. 517).

2. The failure to proceed under section 9167 would be fatal to the defendant's case. *Edsell* v. *Nevins,* 80 Mich. 146 (44 N. W. 1115), and authorities there cited. See, also, *Jenison* v. *Rankin,* 57 Mich. 49 (23 N. W. 482).

3. Upon overruling defendant's objection to the amendment, her counsel asked leave to file an amended answer, and for permission to take further proofs in respect to the new matter brought into the case by the amendment. This was denied. Neither during the progress of the hearing nor at the time the amendment was allowed did counsel for the defendant claim that she had taken proceedings under the statute. If they had done so, the court would, as a matter of course, have allowed an amended answer, or would have permitted the evidence without an answer. Such proceedings, if taken, were a matter of record in the same court in which the case was being heard. We may justly infer that no such proceedings were had. Possibly, however, counsel may have rested upon the belief that the burden of proof was upon the complainant. It would certainly have been wise for

complainant to assume it.   Counsel for either side might
have avoided this question by introducing the proof,
which was easily within the reach of either.   In order,
however, that no wrong may be done, the defendant will
be allowed 20 days from the service upon her counsel of a
copy of this opinion within which to file in this court a
certified copy of such proceedings, if taken, in default of
which the decree will be affirmed, with costs.   If filed
within that time, the decree will be reversed, with costs.

The other Justices concurred.