SPRING *v.* RAYMOND.

1. SALES ON EXECUTION—PRIOR DEED.

> A creditor who knows, at the time of his levy, that the defendant has parted with his title to the lands, should proceed by bill in aid of execution; and a sale made without resort to such remedy, and after the recording of the grantee's deed, will be set aside in equity.

2. SAME—REDEMPTION—CREDITORS.

> One who buys land, but does not record his deed until after levy of execution, is not entitled to redeem from the execution sale as a creditor under the statute.

Appeal from Kent; Perkins, J. Submitted June 5, 1903. (Docket No. 31.) Decided July 8, 1903.

Bill by Amelia Spring against Fred M. Raymond to set aside an execution sale. From the decree rendered, defendant appeals. Affirmed.

Complainant became the owner of the legal title to the lands in dispute March 7, 1900, by deed from her brother, George N. Shaw, who was then, and had been for many years, the owner. Through the fault of one to whom she intrusted this deed for record, it was not recorded until May 7, 1900. After this deed was given, defendant purchased a note against said Shaw and one Merrifield, who were joint makers, the consideration for which went to

Merrifield, as defendant testified. For this note, defendant paid $1. He obtained a judgment in justice court on it for $107.07, took a transcript to the circuit court, caused an execution to be issued on May 4, 1900, levy made upon this land, and the sale thereof made July 7, 1900. The land was worth $2,400, and was subject to a mortgage of $1,400. Complainant filed this bill August 7, 1901, to procure the annulment of that sale, and the cancellation of the certificate thereof, as constituting a cloud upon her title. There was also a prayer for general relief. The case was heard upon pleadings and proofs, and the court below held the sale to Raymond to be regular and valid; that complainant was a creditor of the execution debtor, Mr. Shaw; treated the bill of complaint as a bill to redeem; and entered a decree that, within 30 days, complainant pay to defendant the full amount on such execution, with interest and costs of this suit. The defendant alone appeals.

*McKnight & McAllister*, for complainant.

*Hatch & Wilson*, for defendant.

GRANT, J. (*after stating the facts*). In the view we have taken of this case, it is unnecessary to determine the question whether Mr. Shaw had homestead interests in this land at the time of the transfer to complainant, or whether the conveyance was made by both him and complainant with intent to defraud his creditors, or whether the sale is void because no attempt was first made to satisfy the execution out of Mr. Shaw's personal estate. Defendant's main contention is that this levy took precedence over complainant's unrecorded deed. It is insisted in his behalf that he had no actual or constructive notice, at the time of the levy, of the existence of the deed; citing *Corey* v. *Smalley*, 106 Mich. 257 (64 N. W. 13, 58 Am. St. Rep. 474), and authorities there cited. It is insisted on behalf of complainant that the defendant had such notice, and that it was his duty to proceed by bill in aid

of execution before sale, under *Daniel* v. *Palmer*, 124 Mich. 335 (82 N. W. 1067), and authorities there cited.

The reasons given in *Daniel* v. *Palmer*, and other decisions of this court, apply with remarkable force to this case. The record in the office of the register of deeds at the time of the sale showed a transfer by proper deed to complainant, executed two months before defendant's levy, and recorded three days after the levy. There was no reason why complainant should keep it from record. On the contrary, due regard for the protection of her own interests would have prompted her to record the deed at once. Defendant is without equity. He purchased the note which is the basis of the judgment for only $1, knowing that Shaw received no consideration therefor; took no proceedings against Merrifield, or to levy upon Shaw's personal property, but insisted upon the levy and sale of real estate worth eight times the amount of his judgment. It is evident that no one, however much he might desire to purchase this property, would bid upon a sale of land, the title to which stood in that condition. The defendant was willing to take his chances, evidently relying upon the priority of his levy over the unrecorded deed. No one but himself would bid, and, in so conducting the sale, he obtained title to this land, worth $1,000 over and above the incumbrance thereon, for $128. Courts of equity will avoid such sales whenever the rules of law and equity will permit.

We think there is evidence in the case sufficient to sustain the finding that defendant, at the time of his levy, knew that Mr. Shaw had parted with his title. The conversation which he admits having had with Mr. Shaw clearly informed him that Mr. Shaw had no leviable interest in the land. It is true, the tenant, who had been tenant under him, was at the time of the levy in possession; but an inquiry of the tenant would undoubtedly have revealed the fact that Shaw had transferred the property to complainant, for there is reliable evidence to show that the tenant knew of the transfer, and, as he expressed it, he had a " new boss."

Defendant's counsel seek to bring the case within *Atwood* v. *Bearss*, 47 Mich. 72 (10 N. W. 112), and similar cases. In that case a husband and wife were in possession of and lived upon the land. She had conveyed it by deed to her husband. His occupancy was found to be under her ownership, and in right of the marital relation, and there was nothing to suggest that she had conveyed to him. In that case the grantor and the grantee were both in the possession of the property as husband and wife. There was nothing to indicate that the husband's possession was any different than it had been. In this case the grantor was not living upon the property. It was rented from year to year. Under these circumstances, the presumption as to title is not the same as where the grantor remains in possession of the property. Aside from this question, however, we think he had knowledge and notice sufficient to put him upon inquiry, and that he should have proceeded by bill in aid of execution.

We think that complainant was not a creditor of Mr. Shaw, as found by the court below, so as to entitle her to redeem under the statute; but she has not appealed, and, it is said, tendered the money required.

The decree, therefore, must be affirmed, with costs.

The other Justices concurred.