TIEDEMANN *v.* KROLL.

EXECUTION—BILL IN AID—QUIETING TITLE—LIMITATION—STATUTES —APPLICATION.

   Where an execution creditor knows at the time of the sale that the legal title to the land levied upon is not in the defendant, it is his duty, under section 9167, 3 Comp. Laws, to institute proceedings in aid of his execution within one year; failing in which he is barred of his remedy.

Appeal from Wayne; Hosmer, J. Submitted April 4, 1906. (Docket No. 4.) Decided May 24, 1906.

Bill by Charles Tiedemann against Charles Kroll, John Kroll, and the Stanton Farm Company, Limited, in aid

of an execution, and for the specific performance of a land contract.    Defendant John Kroll filed an answer in the nature of a cross-bill to set aside a sheriff's deed.    From a decree dismissing the bill and granting the prayer of the cross-bill, complainant appeals.    Affirmed.

Complainant recovered a verdict and judgment before a justice of the peace on April 2, 1896, against defendant, Charles Kroll, for $227.25.    Charles was then the owner of lot 532 in fee simple, which was occupied as a homestead.    June 4, 1883, he made a contract for the purchase of lot 533 from the then owner who subsequently sold to the defendant, Stanton Farm Company, Limited.    On August 1, 1896, complainant took a transcript of said judgment to the Wayne circuit court, and on August 4th of the same year levied on lots 532 and 533.    Said lots were sold July 2, 1898, and bid in by the complainant.    No redemption was made, and the sheriff issued a deed to the complainant February 18, 1901.    On this deed complainant claims that he is the legal assignee of Charles Kroll and is entitled to pay the balance due upon the contract and receive therefor a deed.    On March 23, 1896, defendant Charles assigned and transferred this contract for the expressed consideration of $900 to the defendant John.    The bill alleges that such transfer was in fraud of the creditors of defendant Charles, and prays that the said Charles may be decreed to assign, transfer, and deliver up to complainant said land contract, and that the defendant, the Stanton Farm Company, Limited, may be decreed to carry out the terms of said contract with the complainant, he being willing to pay what is due upon said contract.    The court found that the complainant would be entitled to relief, were it not for the statute (3 Comp. Laws, § 9167) which provides:

"That in case of a levy upon the equitable interest of a judgment debtor, the judgment creditor, may before sale, institute proceedings in aid of said execution, to ascertain and determine the rights and equities of said judgment

debtor, in the premises so levied upon, and that in case of a sale of said premises, without having ascertained and determined the interest of said judgment debtor in the premises so levied upon and sold, he shall within one year institute proceedings to ascertain and determine the same, and to settle the rights of the parties in interest therein."

Decree was entered dismissing the complainant's bill.

*William Look* (*Charles T. Wilkins*, of counsel), for complainant.

*Charles R. Robertson*, for defendants Kroll.

GRANT, J. (*after stating the facts*). It appears conceded that as to lot 532 the title to which was in Charles Kroll, the decree is correct, as it was his homestead. Complainant knew at the time of the sale that the title to lot 533 was not in defendant Charles Kroll. The record title at that time was in the defendant Stanton Farm Company, Limited. It was clearly the duty of complainant to proceed within a year after the sale. *Daniel* v. *Palmer*, 124 Mich. 335; *Kunze* v. *Solomon*, 126 Mich. 290, and authorities there cited.

Decree is affirmed, with costs.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.