GORDON v. TOWNSHIP OF BURLEIGH.

EXECUTION—BILL IN AID—EQUITABLE INTEREST—WHAT CONSTITUTES—QUIETING TITLE—PROPRIETY OF REMEDY.

Where, prior to the levy of an execution on certain lands as the property of complainant, he had conveyed the same by quitclaim deed, taking a mortgage for a part of the purchase money, which deed was, but the mortgage was not, recorded at the time of the levy, complainant's interest in the land was an equitable one, within the meaning of section 9167, 3 Comp. Laws, and the failure of the execution creditor to take proceedings to determine complainant's interest within one year, as provided by the statute, rendered the levy and sale ineffective; and complainant having subsequently taken possession under his mortgage, the levy and sale constituted a cloud upon his title which he was entitled to have removed upon a bill filed for that purpose.

Appeal from Iosco; Connine, J. Submitted June 8, 1908. (Docket No. 40.) Decided July 1, 1908.

Bill by Charles F. Gordon against the township of Burleigh to remove a cloud from title to certain land. From a decree for complainant, defendant appeals. Affirmed.

*Albert W. Black*, for complainant.
*Jahraus & Rawden*, for defendant.

Complainant filed his bill in this case to remove a cloud from the title to his land, consisting of a levy under execution, a sale of the land and sheriff's deed to the defendant township. The facts are conceded, and, briefly stated, are as follows:

Complainant acquired title in 1878. In 1882 he gave two mortgages upon it which were afterwards discharged. On July 2, 1883, he conveyed said land by quitclaim deed to one Frank Pierce, the consideration named therein being $1,500. The deed was recorded January 30, 1884. On the date of the deed Pierce executed to the complainant a mortgage for $1,200, the balance of the purchase price. This mortgage was recorded in February, 1892.

July 5, 1883, defendant township commenced suit in attachment against complainant, attaching the land here in controversy, obtained a judgment and took out an ex-

ecution and levied upon the property March 7, 1884. The defendant purchased the land at the sale and obtained a deed August 10, 1885. On February 20, 1892, complainant assigned to his wife the mortgage given by Pierce. She is now the holder of the same. Complainant has been in almost continuous possession of the land since 1878. The court made a finding and found, in addition to the above facts, that Gordon took possession of the land in 1886, apparently under his mortgage; that he has since occupied it, rebuilt the buildings, which were burned, and purchased tax titles which had meanwhile accumulated against the land. Defendant's answer alleges that the conveyance by complainant to Pierce was without consideration and made with intent to hinder, delay, and defraud defendant out of the collection of its claim. Defendant took no steps to obtain possession of this land except to institute a summary proceeding for that purpose, which was decided against it October 13, 1885.

The court entered a decree for the complainant.

GRANT, C. J. (*after stating the facts*). The sole question presented to the court is, Does section 9167, 3 Comp. Laws, apply, and under that statute was it the duty of the defendant to commence proceedings within one year after sale to determine complainant's interest in the land? The statute will be found quoted in full in *Daniel* v. *Palmer*, 124 Mich. 335.

It is insisted by counsel for the defendant that the levy was made upon a legal, and not an equitable, interest in the land, and that therefore the statute does not apply. Complainant had no legal title upon which a levy could be made. He had parted with it. He had taken a mortgage from his grantee, which gave him an equitable interest in the land. How could there be a levy upon the legal title of complainant, which had passed from him to another? If complainant had any interest, it must have been an equitable one under some arrangement with his grantee.

We think the case comes within the statute, and that it was the duty of the defendant to file its bill in equity within one year after the sale to determine what interest, if any, the complainant had in the land. *Daniel* v. *Palmer*, 124 Mich. 335; *Kunze* v. *Soloman*, 126 Mich. 290; *Tiedemann* v. *Kroll*, 144 Mich. 308.

The purpose of this statute is well stated in *Daniel* v. *Palmer*, in which the circumstances are very closely allied to those in the case at bar.

Decree affirmed, with costs.

BLAIR, MOORE, CARPENTER, and MCALVAY, JJ., concurred.